IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VICKERS, WISE, MCADORY, }
L.L.C., }
 }
    Plaintiff, }  CIVIL ACTION NO.
 }  03-AR-3421-S
v. }
 }
AMERICAN ARBITRATION }
ASSOCIATION, et al., }
 }
    Defendants. }



## MEMORANDUM OPINION

    On December 30, 2003, plaintiff, Vickers, Wise, McAdory, L.L.C. ("Vickers"), filed the above-entitled action seeking to enjoin an arbitration proceeding scheduled for January 5, 2004. Whether or not the necessary parties defendant were properly served or otherwise notified within the requirements of due process of the extraordinary relief being sought becomes an academic question in light of the fact that defendant, T.E. Stevens Company, Inc. ("Stevens"), filed a motion to dismiss which was heard on December 31, 2003. Defendants, C.A. Murren & Sons Company, Inc. ("Murren") and Bellanca Paving, Inc. ("Bellanca"), were represented at the hearing by counsel but did not concede *in personam* jurisdiction and observed but did not participate in the hearing. Defendant, American Arbitration Association, did not appear. Vickers and Stevens filed follow-up briefs on January 2, 2004.

    The court agrees with Stevens that the court lacks subject-matter jurisdiction for the reasons orally articulated on December



31, 2003, and articulated by Stevens in its motion, its brief and its reply brief. The least of these reasons is the court's belief that the arbitral panel is without power to adjudicate issues between Vickers and Murren and/or between Vickers and Bellanca, neither Murren nor Bellanca being a party to the arbitration agreement that was invoked by Vickers.

A separate order of dismissal without prejudice will be entered.

DONE this 6th day of January, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE